**CENTRIX HR, LLC, Appellant**

v.

**ON–SITE STAFF MANAGEMENT, INC., d/b/a Centrix Staffing; Centrix HR Logistics, Inc.; William Black.**

No. 10–3058.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) May 23, 2011.

Filed: June 23, 2011.

Patrick C. Campbell, Jr., Esq., Phillips, Campbell & Phillips, Lima, PA, for Appellant.

Christopher P. Gerber, Esq., Michael T. Taylor, Esq., Siana, Bellwoar & McAndrew, Chester Springs, PA, for On–Site Staff Management, Inc., d/b/a Centrix Staffing; Centrix HR Logistics, Inc.; William Black.

Before: McKEE, Chief Judge,
SCIRICA and GARTH, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

On March 25, 2008, the United States Magistrate Judge found Centrix HR, LLC (HR) liable to Centrix HR Logistics, Inc. (Logistics) for $1,603,673 in damages for fees owed under a contract.[1] We remanded for clarification of the award based on discrepancies in the amount of damages sought by Logistics. On remand, the court reaffirmed Logistics's damages award. On appeal, HR contends the court ignored our mandate. We will affirm.

## I.

Because we write only for the parties, we recite only those facts relevant to the issues raised on this second appeal.[2] On May 15, 2002, HR and Logistics entered into a Licensing Agreement. In 2004, HR sued Logistics on a number of grounds, including breach of contract. Logistics counterclaimed for fees owed to Logistics by HR. Following a three-day bench trial,

the court found Logistics liable to HR for $865,999.36. However, the court found in Logistics's favor on the counterclaim, awarding $1,603,673 in damages based on the finding that HR's books showed a net due Logistics of that amount. After offsetting the awards, the court ordered HR to pay Logistics $737,673.70 in damages.

On appeal to this court, HR contended the court clearly erred in awarding the counterclaim damages to Logistics. Both companies' books showed HR owed Logistics approximately $1.6 million. However, Logistics's accounting expert, Charles Lunden, presented two exhibits describing different "net amount[s] due [Logistics]." While Exhibit B cited the $1.6 million figure, Exhibit A listed a lower amount of $505,965. Furthermore, Logistics's brief stated both sums as the correct amount of damages owed by HR to Logistics, and Logistics's counsel told the court, "[M]y client is out a half of a million bucks." Due to "the [apparent] contradictions ..., the inadequate explanation by the parties and the [court] of those contradictions, and the somewhat haphazard portions of the record presented to us on appeal, we [were] unable to determine that the [court]'s award ... was clearly erroneous—or that it was not." Accordingly, "we [remanded] this issue to the [court] for clarification or recalculation of that award."

At the remand hearing, only Lunden testified. He explained his Exhibit A was "a worst case analysis, making assumptions in the most favorable light possible to [HR] as to what the amount of damages were" based on offsets resolved in Logistics's favor at the original hearing by the court. Lunden further explained his Exhibit B figure of $1.6 million was "an analysis of what the books of original entry

[1]. The parties consented to jurisdiction by Magistrate Judge.

[2]. For a more detailed factual record, see *Centrix HR v. On–Site Staff Mgmt.*, 349 Fed.Appx. 769 (3d Cir.2009).

show[ed] as of August 31, 2003, as the net intercompany balances between the two different entities." Lunden indicated HR's own expert report showed HR owed Logistics approximately $1.8 million in "licensing [fees] and commissions payable" as of December 31, 2003, with the discrepancy resulting from additional fees and commissions that had accrued during the intervening four months. Satisfied with these explanations, the court reaffirmed the original counterclaim award. HR timely appealed.[3]

## II.

On appeal, HR contends the court ignored the scope of our mandate by permitting Logistics to retry the issue of counterclaim damages on a new theory.[4] HR maintains the mandate "was to determine what counterclaim was actually presented [by Logistics] at trial." The record does not support this conclusion. At trial, the court awarded Logistics counterclaim damages for "a net due to Logistics for fees of $1,603,673." We remanded to clarify an apparent conflict between two exhibits reflecting two different net amounts due. The court permitted discovery and heard evidence pertaining to this issue, concluding Lunden's Exhibit B accurately reflected the amount HR owed Logistics. The court did not accept a new theory of Logistics's case, but resolved the discrepancy we identified and remanded for "clarification or recalculation."[5]

## III.

For the foregoing reasons, we will affirm the court's judgment.

---

3. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). We have jurisdiction under 28 U.S.C. § 1291.

4. "[W]hether the district court properly interpreted and applied ... our [remand] mandate ... [is an] issue ... of law, subject to plenary review[.] ... A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Kilbarr Corp. v. Business Systems Inc.*, 990 F.2d 83, 87–88 (3d Cir.1993) (internal quotation marks omitted). "From the proposition that a trial court must adhere to the decision and mandate of an appellate court there follows the long-settled corollary that upon remand, it may consider, as a matter of first impression, those issues not expressly or implicitly dis-

posed of by the appellate decision." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 950 (3d Cir.1985).

5. HR presents several additional issues on appeal, contending the court should have granted HR's requests for additional discovery to respond properly to Logistics's new theory, and there was insufficient evidence to connect Logistics's damage award to any breach by HR. Because we hold the court did not entertain any new theory supporting HR's damage award, we conclude the court did not abuse its discretion by denying discovery to respond to any new theory. Furthermore, the court properly did not reconsider the sufficiency of the evidence connecting HR's breach with Logistics's damages, as this question was not at issue on remand.